**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED AUTOMOBILE INSURANCE COMPANY, | ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 2:16-CV-386 |
| BRIEANE N. WILEY., *et al.*, | ) ) | |
|     Defendants. | ) ) | |
| | ) ) | |
| MARY L. SELLERS, | ) | |
|     Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED AUTOMOBILE INSURANCE COMPANY, | ) ) | |
|     Counter-Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on six motions filed by Defendant/Counter-Plaintiff Mary Sellers:

(1) Motion for Protective Order and to Establish Sequence of Discovery Pursuant to Federal Rule of Civil Procedure 26 [DE 33], filed July 6, 2018. Plaintiff/Counter-Defendant United Automobile Insurance Company responded on July 20, 2018, and Sellers replied on July 27;

(2) Motion to Compel Answers and Production to First Set of Interrogatories and Related Document Production [DE 35], filed July 9, 2018. United responded on July 23, 2018, and Sellers replied on July 30, 2018;

(3) Motion to Compel Truthful and Complete Answers and Production Responsive to Second Set of Interrogatories and Related Document Production [DE 37], filed July 9, 2018. United responded on July 23, 2018, and Sellers replied on July 30, 2018;

(4) Motion to Compel Responses to First Set of Requests for Production of Documents [DE 39], filed July 9, 2018. United responded on July 23, 2018, and Sellers replied on July 30, 2018;

(5) Motion to Compel Rule 30(b)(6) Deposition Testimony of UAIC and Related Relief [DE 41], filed July 10, 2018. United responded on July 24, 2018, and Sellers replied on July 31, 2018; and

(6) Third Agreed Motion to Extend Case Management Deadlines [DE 58], filed December 20, 2018.

## I. Background

On June 28, 2013, Defendant Brieane Wiley's car rear-ended the vehicle of Defendant Mary Sellers, injuring Sellers and her husband, Joshua. Sellers and her husband sued Wiley in state court. Wiley was insured by United Automobile Insurance Company, but United did not defend the claim in court, and a default judgment was entered against Wiley. After the parties stipulated to a range of combined damages between $772,877 and $883,797 for both Plaintiffs, the court entered a judgment of $795,037 for Mary Sellers and $12,000 for Joshua Sellers ($807,037 in total), and Wiley assigned her claims against United to Mary Sellers. United has brought this action seeking a declaratory judgment that it had no duty to defend or indemnify Wiley in the state court action, arguing in part that Wiley did not properly notify United of the lawsuit and failed to cooperate with United's lawyer. Mary Sellers filed counterclaims against United, including allegations of fraud, negligence, and breach of contract. Sellers has now filed five motions to compel discovery, and seeks to extend the discovery schedule.

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party objecting to the discovery request bears the burden of "show[ing] why [that] particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

    A:     <u>Motion for Protective Order [DE 33]</u>

Sellers seeks a protective order precluding United from deposing her regarding the underlying state court judgment. Although United's response brief does not directly state what information it seeks from Sellers, the Court assumes that Sellers would be asked to testify to bad faith or collusion relating to the parties' stipulation, or to the reasonableness of the damages awarded. United argues that the state court judgment was a consent judgment, which binds an insurer only if it is not "the product of bad faith or collusion and . . . falls somewhere within a broad range of reasonable resolutions of the underlying dispute." *Carpenter v. Lovell's Lounge & Grill, LLC*, 59 N.E.3d 330 (Ind. Ct. App. 2016). Sellers argues that the judgment was not a consent judgment, because although the parties entered a stipulation as to the range of damages, the state court made the final determination of damages based on the evidence before it.

A consent judgment is an agreement between the parties settling the underlying dispute,

3

which is entered as a judgment by the court. *Minix v. Canarecci,* 956 N.E.2d 62, 68 (Ind. Ct. App. 2011) (citing *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465, 469 (Ind. Ct. App.1987); *Stenger v. LLC Corp.*, 819 N.E.2d 480, 482 (Ind. Ct. App. 2004)). The entry of a consent judgment is therefore a "ministerial duty," recording the agreement of the parties, and does not represent the judgment of the court. *Siegel v. Williams*, 818 N.E.2d 510, 514 (Ind. Ct. App. 2004) (quoting *State ex rel. Prosser v. Ind. Waste Sys., Inc.*, 603 N.E.2d 181, 186 (Ind. Ct. App. 1992); *Mercantile Nat. Bank of Ind. v. Teamsters Union Local No. 142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996)).

In the state court case, the parties stipulated that "final judgment shall be for Plaintiffs, collectively, in an aggregate amount of no less than $772,877 and no more than $883,797 . . . The parties further agree that the final entry of damages and entry of Final Judgment shall be within the reasonable discretion of the trial court upon its review of the record evidence." The court's order on damages stated that the parties "submitted the matter to the Court for its final determination of damages based upon the evidentiary submissions before the Court. . . . The Court has carefully considered and reviewed such evidence, and determined that damages on the default judgment are appropriately and reasonably fixed [at the combined figure of $807,037]."

The court's order was not a consent judgment. The court specifically stated that it evaluated the evidence in arriving at a final judgment, and it made factual findings that were not contained in the stipulation, such as Sellers's life expectancy at the time of the collision. United points to the parties' agreement that damages "shall" be within the stipulated range, but the court was not required to interpret that as a consent judgment, and did not do so. The court's factual findings and evaluation of the evidence are inconsistent with a "ministerial" consent judgment that simply records

4

the agreement of the parties.

Sellers also seeks an order precluding her deposition on any other topic until United has completed its responses to Sellers's first sets of interrogatories and requests for production. United does not identify any other topics on which it would depose Sellers or state why the deposition needs to happen before United fully produces preliminary written discovery. Because Sellers herself responded to discovery prior to deposing United's witnesses, and because United's responses to the requests are deficient for the reasons described below, the Court will order that Sellers not be deposed until United has fully responded to Sellers's first sets of interrogatories and requests for production.

B: <u>Motion to Compel Answers to First Set of Interrogatories [DE 35]</u>

Sellers moves to compel additional answers to numerous interrogatories and related requests for production. In its response brief, United included information responsive to some of Sellers's requests, and the Court finds that United's response brief, and the promises to produce contained therein, provide sufficient responses to Interrogatories and Related Requests for Production 2, 3, 14, 22, 23, and 24. The Court reminds the parties that discovery generally should not be filed, *see* Northern District of Indiana Local Rule 26-2(a)(1), and instructs United to provide all responses to Sellers in the form required by Federal Rule of Civil Procedure 33(b). The Court finds as follows with regard to the remaining requests in Sellers's motion:

Interrogatory 4 and Related Request for Production 4: Sellers requests that United describe its procedures for processing notices of claims and suits. United responds that such notices are "taken in by the customer service department and assigned to the appropriate adjuster." Given that the issues in this case include whether United received appropriate notice from Wiley of the suit

against her, United's response is inadequate. Although United argues that the handling of the claims was "discussed" in a deposition, that does not excuse its obligation to respond to the interrogatory. United is instructed to respond in fulsome detail regarding how notices of claims and lawsuits are handled, including initial notices, subsequent notices, and the receipt of relevant legal papers. As to Related Request for Production 4, seeking documents relating to those same procedures, United is instructed to produce any available documents responsive to the request.

Interrogatory 5 and Related Request for Production 5: Sellers requested the identity of persons involved with establishing or implementing the procedures in Interrogatory 4. United responds with reference to individuals involved with the Wiley claim. To the extent not already named, United should identify any individuals involved in establishing or implementing the policies generally.

In regard to Related Request for Production 5, Sellers seeks personnel files, performance reviews, and written policies related to any individuals identified in response to Interrogatory 5. United initially failed to object, but in its response brief, states that it objects to the production of personnel files as overbroad, not leading to admissible evidence, and "containing private information that may be sensitive." In her reply, Sellers stated that she seeks to learn about the work and employment history of the identified employees, and reasons for their separation or termination from United. Sellers proposes that any sensitive information can be redacted. United does not identify exactly what information it objects to as sensitive or why it cannot be redacted. Although it states that it has only three personnel files to produce, and that those employees' involvement was "minimal," each was involved in assigning, overseeing or recording aspects of the Wiley claim.

When a party seeks to compel production of personnel files, "'[t]he court should consider

the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truth-seeking function' in the particular case before the court." *Brunker v. Schwan's Home Serv., Inc.*, 583 F.3d 1004, 1010 (7th Cir. 2009) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). United cites to a case in which a court declined to order production of personnel files, where the plaintiff sought judicial review of an ERISA decision. *Barker v. Life Ins. Co. of N. Am.*, 265 F.R.D. 389, 396 (S.D. Ind. 2009). In that case, discovery was limited to an alleged conflict of interest between the insurer and the examining doctors. *Id.* at 395. The claims here are much broader, including negligence and fraud. In cases like these, "[p]ersonnel files are not sacrosanct." *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 625 (N.D. Ill. 2016) (ordering production personnel files where plaintiff alleged bad faith handling of insurance claims, and listing cases in which similar discovery was permitted in bad faith cases); *see also Bouwkamp v. CSX Corp.*, No. 2:05 CV 226, 2007 WL 129033, at *3 (N.D. Ind. Jan. 12, 2007) (privacy concerns over production of personnel files are "a proper basis to seek a protective order under Rule 26, not to foreclose discovery"). Therefore, United should produce personnel files with the sensitive information redacted, along with a log explaining the redactions, in addition to performance reviews and any written or electronic policies or other directives applicable to any individuals identified in response to Interrogatory 5.

Interrogatory 6: Sellers requests, in part, that if its oversight of the Wiley case deviated from its customs or practices, that United detail the deviation. United, in its response to the motion, provided a general summary of its procedure for overseeing cases. The Court instructs United to respond to the part of the interrogatory relating specifically to the Wiley case.

7

Interrogatory 7: Sellers requests that United identify the date at which it stopped exercising its right to defend Wiley, and that it "describe in detail [United's] conduct in exercising its right or duty to defend." United, in its response to the motion, stated that its duty to defend Wiley ended "when it was directed by Wiley not to defend." Sellers denies that Wiley instructed United not to defend. United should state the date on which it contends the instruction occurred. However, the Court agrees that the request to "describe in detail [United's] conduct in exercising its right or duty to defend" is satisfied by United's response to the interrogatory and to the motion.

Interrogatory 8 and Related Request for Production 8: For the reasons described above regarding Interrogatory 5 and Related Request for Production 5, United must produce the personnel files for employees identified in response to Interrogatory 8. The information provided in United's response brief, and the productions promised therein, are otherwise sufficient to satisfy Interrogatory 8 and Related Request for Production 8.

Interrogatories 9 and 10: Sellers requests a description of each person's role in the management and supervision of Wiley's claim, and of all communications on those topics. United responded by referring to its claims file, and then, in response to the motion, claimed that a description of each individual's role would be unduly burdensome, and that there was "no other source to determine" communications not contained in the claims file. Without seeing the claims file, the Court cannot assess whether it provides sufficient detail. Because it is United's burden to show that the request is "improper," *McGrath*, 625 F. Supp. 2d at 670, the Court cannot conclude that production of the claims file satisfies the interrogatories. United must provide a description of each person's role in management or supervision, as requested by Sellers, and must produce a description of every communication, oral or written, that it can identify relating to those topics.

8

Interrogatory 11: After narrowing her initial request, Sellers now requests that United identify all personal injury or property damage cases for which United retained the Rosta Firm (which was retained in the Wiley matter). Sellers argues that United's history with the Rosta Firm goes to her claims of bad faith and negligence, in part because United knew that Rosta Firm did not defend cases adequately. United objects to the request as overbroad and not leading to discoverable evidence. The Court finds that the information sought could lead to discoverable evidence, and it is not unduly burdensome for United to identify the personal injury and property damage cases in which the Rosta Firm was retained.

Interrogatory 12: Sellers requests that United "describe in detail" the circumstances and terms under which the Rosta Firm was retained. United again objects to the request as overbroad and not leading to discoverable evidence. Sellers says she has narrowed the request and is now asking for "basic foundational information" about the relationship between United and the Rosta Firm. The Court finds that a request for a detailed description of the terms of representation for every case is overbroad, and to the extent Sellers still seeks it United need not produce it.

Interrogatory 13: Sellers requests total aggregate fees and compensation paid to the Rosta Firm for each case. Sellers argues that a "substantial financial relationship" between United and the Rosta Firm created an incentive for the Rosta Firm to engage in unethical conduct at United's behest. United, in its response to the motion, states that it did not receive a bill from the Rosta Firm in the Wiley matter, and objects to the production of all other bills as irrelevant and disproportionate to the needs of the case. The Court finds that such a financial relationship would be relevant to Sellers's claims, and that simply stating total aggregate fees and compensation does not impose a disproportionate burden on United. United must produce the information requested regarding the

Rosta Firm. Sellers provides no argument regarding the Tolbert Firm, and therefore United does not need to provide the information as to that firm.

Interrogatories 15 and 19: Sellers requests that United detail the "course and process" of United's exercise of its right to defend in the Wiley action, and describe each action taken in the course of that defense. The Court finds that United's complete response to Interrogatory 7 should satisfy the requests in Interrogatories 15 and 19.

      C:      <u>Motion to Compel Answers to Second Set of Interrogatories [DE 37]</u>

Sellers next moves to compel United to correctly respond to Interrogatory 2 and Related Request to Produce 2 of its Second Set of Interrogatories and Related Requests for Production. The interrogatory asks United to "identify each and every instance, from 2000 to the present, in which [United] has been sanctioned, warned, admonished, penalized or otherwise determined by any government agency, regulatory body, or through the finding of any court of competent jurisdiction to have violated laws, regulations, or standards in the settlement, adjustment, management, or defense of claims against its insureds." United responded: "None". The corresponding request for production sought related documents, and United likewise responded "None". In her motion, Sellers documents that United has been subject to several judgments of bad faith liability and judicial sanctions. In its response, United concedes that its response was false and states that the employee responding to the discovery, Michael Harvey, believed that "since the case was pending in Indiana, the question and request were limited to Indiana." United agreed to produce some of the requested documents and answers.

United further stated that it was the victim of a "cyber attack on its computer system," and requested additional time to respond. On July 23, 2018, United also filed a "Statement to the Court

10

Regarding Discovery Motions Filed By Sellers" [DE 44], stating that as of July 11, 2018 it "has not had any email or computer access due a ransom-ware virus," that "[i]t could take weeks" to restore access to the relevant servers, and that United would advise the Court and Sellers's counsel when it regained access. To date, no notice has been filed. On this basis, United has not offered any argument as to why Sellers's discovery requests were unreasonable. United must fully and correctly respond to Interrogatory 2 and Related Request to Produce 2 of its Second Set of Interrogatories and Related Requests for Production. If United is still suffering from computer issues that would prevent it from properly responding to discovery, it must file an properly-supported motion seeking relief from this Order.

        D:      <u>Motion to Compel Answers to First Set of Requests for Production [DE 39]</u>

Sellers moves to compel additional answers to numerous requests for production. Within its response brief, United includes several documents apparently intended to satisfy some of Sellers' requests. The Court finds that United's responses to the discovery, the response brief, and the promises to produce contained therein provide sufficient information with regard to Requests for Production 30, 32 and 33. The Court again reminds United that discovery generally should not be filed, and instructs United to provide the information to Sellers in the form required by Federal Rule of Civil Procedure 34. The Court finds as follows with regard to the remaining requests in Sellers's motion:

Request for Production 8: Sellers requests all communications by or between United's counsel, Joseph Stalmack, the Rosta Firm, and the Rosta Firm's counsel relating to the Wiley matter. United objected to communications between United and Stalmack on the basis of attorney-client privilege. In its response brief, it states that there are additional communications between Stalmack

and counsel for the Rosta Firm, but that it objects to their production as attorney work product. The work product doctrine attaches to documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). "Disclosure of attorney work product to an adversary waives work product protection." *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 479 (N.D. Ill. 2002). Although Sellers states that United is partially blaming the Rosta Firm's counsel for United's failure to defend in this action, United and the Rosta Firm were not adversaries during the Wiley matter, when the materials were disclosed. *See Blanchard v. EdgeMark Fin. Corp.*, 192 F.R.D. 233, 237 (N.D. Ill. 2000) ("The question is whether the *particular disclosure* was of such a nature as to enable an adversary to gain access to the information") (emphasis added). Accordingly, United need not produce those communications.

Requests for Production 9, 10, 12, 13, 14, 15, and 16: In brief, Sellers seeks all standards, guidelines and billing conditions imposed on the Rosta Firm for defending United clients, and documents related to the standards governing United's own employees in processing and defending those claims. United makes no objections, and essentially states that no documents exist other than its initial assignment letter to the Rosta Firm, and a single email that it cannot search for due to its computer issues. In responding to a request for production, a party must conduct a "careful and thorough" search and produce all responsive documents reasonably available. *Novelty, Inc. v. Mountain View Mktg., Inc.,* 265 F.R.D. 370, 376 (S.D. Ind. 2009). United must conduct that search, to the extent it has not already done so, and produce the requested documents.

Request for Production 23: Sellers seeks advertising materials used by United to sell its auto insurance policies in Indiana. United responded "None," without objection. After Sellers appended

12

responsive Internet advertising materials to her motion, United stated that "Indiana was a very small percentage" of its business, and that there were no such materials used in Indiana. Because United has not explained how its Internet advertising was not used in connection with the sale of Indiana auto insurance policies, United must produce those materials, and any others responsive to the request.

  E:  <u>Motion to Compel Rule 30(b)(6) Deposition Testimony [DE 41]</u>

Sellers next moves to compel additional deposition testimony from United, arguing that its prior testimony was deficient and that its subsequent representations in discovery entitle Sellers to testimony on additional topics. Sellers will be permitted to depose a United representative or representatives on each of the requested topics to the extent ordered herein.

Sellers moves to compel United to testify as to certain previously designated subjects for which it argues United's testimony was deficient. In brief, Sellers moves for additional testimony as to United's previous sanctions for failing to properly defend its insured clients, its advertising and marketing, its financial condition, its management and oversight of defense of insurance claims, what training is given for that oversight, the vetting and standards of counsel retained to defend the claims, the work history of the relevant employees, and United's process for receiving and processing lawsuit papers. United provides no objection to most of the topics, and instead either identifies a witness it asserts can testify to the topic, or provides written responses to the topics themselves. On the evidence presented, the Court is not in a position to determine whether the deposition of the individuals United identifies will yield sufficient testimony. United must designate an appropriately prepared representative to testify as to each topic for which Sellers identifies deficient testimony in her motion. United does object to the topics of advertising and marketing and

13

the processing of suit papers, but United must still testify as to those topics, for the reasons discussed below.

First, United objects to Sellers' request to depose a United representative regarding its advertising and marketing materials. United states that there were no marketing materials relating to its Indiana automobile policies, and characterizes the website screenshot attached to Sellers's prior filings as "not advertising and marketing, but merely pages from the company website." United does not explain the distinction. The screenshot reads, in part: "United Automobile Insurance Company (UAIC) was incorporated on March 2, 1989 in Miami Gardens, FL to provide a high quality and low cost insurance product to the non-standard automobile insurance market. . . . We are proud that our agents and customers have recognized this commitment by making UAIC the market leader in every state where we do business." The Court finds that the pages attached to Sellers' motion are, in fact, documents used as advertising in connection with the sale of Indiana auto policies. Those documents, and any other advertising or marketing materials, are a proper subject for discovery, and United must produce a representative to testify as to that topic.

Second, United objects to Sellers' request for additional testimony as to how notices of lawsuit are processed by United. United's previous Rule 30(b)(6) representative testified, in part, that he lacked knowledge as to certain aspects of the processing and routing of suit papers. United, in its response brief, offers to produce its IT manager "regarding his specific knowledge as to the process of scanning documents." The Court finds that Sellers is entitled to depose a representative competent to testify as to the processing and routing of lawsuit papers. United is ordered to produce a representative competent to testify on that topic, whoever it may be.

Next, Sellers asks United to testify on "any subject impacted by [United's] failure to provide

appropriate written discovery responses and document production," on "matters where UAIC's representative provided false or misleading testimony," and "the circumstances leading up to and surrounding [United's] provision of false testimony and responses." United objects to the requests as vague and ambiguous. Testimony on "any topic" related to the prior responses, or on any response that Sellers identifies as false, would exceed the scope of appropriate discovery. This Order compels testimony on the numerous topics identified by Sellers in her motion. Those include topics on which United previously provided testimony and written responses, and Sellers may examine United as to the basis for those representations. To the extent new topics are raised by testimony and discovery responses subsequent to this order, Sellers may seek testimony on those topics by identifying them in a Rule 30(b)(6) notice, allowing United to object to the topics identified.

Sellers asks for two days in which to complete the depositions, not to exceed seven hours of testimony per day. Given the breadth of topics identified, and that United does not respond to the request, the Court will grant Sellers the time requested.

### III. Conclusion

For the foregoing reasons, the Court:

(1) **GRANTS** the Motion for Protective Order and to Establish Sequence of Discovery Pursuant to Federal Rule of Civil Procedure 26 [DE 33], and **ORDERS** that United is precluded from deposing Sellers on the issue of the state court judgment, and that United may not depose Sellers until it responds to Sellers's first set of interrogatories and first set of requests for production as directed by this Order;

(2) **GRANTS in part and DENIES in part** the Motion to Compel Answers and Production to First Set of Interrogatories and Related Document Production [DE 35];

(3) **GRANTS** the Motion to Compel Truthful and Complete Answers and Production Responsive to Second Set of Interrogatories and Related Document Production [DE 37];

(4) **GRANTS in part and DENIES in part** the Motion to Compel Responses to First Set of Requests for Production of Documents [DE 39]; and

(5) **GRANTS in part and DENIES in part** the Motion to Compel Rule 30(b)(6) Deposition Testimony of UAIC and Related Relief [DE 41].

The Court **ORDERS** United to produce its responses to written discovery in the manner described in this Order by **February 15, 2019**.

Finding good cause for an extension of the discovery schedule, and noting the parties' agreement to an extension, the Court **GRANTS** the Third Agreed Motion to Extend Case Management Deadlines [DE 58], and **ORDERS**:

(1) Plaintiff's expert witness disclosures and reports are due by **April 15, 2019**;

(2) Defendant's expert witness disclosures and reports are due by **May 15, 2019**;

(3) The deadline for fact discovery is **July 30, 2019**;

(4) The deadline for expert discovery is **July 30, 2019**;

(5) Mediation shall be completed and report filed by **May 30, 2019**.

When a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may also award reasonable expenses where a motion is granted in part, after permitting the non-moving party to be heard. Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the Court **ORDERS** Sellers to file, on or before **February 4, 2019**, a consolidated itemization of its costs and fees incurred in

making the five motions to compel, along with argument as to why those expenses are reasonable in this situation, with United to file a single response on or before **February 18, 2019**, and Sellers to reply by **February 25, 2019**.

SO ORDERED this 4th day of January, 2019.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:     All counsel of record